\*Kane and Kane *against* Ingraham.    [\*403]

Where the principal in a cause had obtained his certificate of discharge under the bankrupt law of the United States before the bail had become fixed, the court ordered an *exoneretur* to be entered on the bail-piece.

And bail are not considered as fixed, until after eight days in full term after the return of process against them, or within the time allowed for the surrender of the principal.

Boyd, in behalf of Phœnix, bail for the defendant, moved that an *exoneretur* be entered on the bail-piece in this cause, the defendant having obtained his certificate of discharge under the bankrupt law of the United States, of the 5th April, 1800.

The suit was commenced the 7th November, 1800; judgment was obtained, and a *ca. sa.* was issued, which was returned *non est inventus* the 21st July last.    Pending this suit, the defendant committed an act of bankruptcy, and a commission having been issued against him, he obtained his certificate of discharge on the 21st August last.    After his discharge, a suit was commenced against the bail, and the *capias* was returnable on the first day of this term.

*Boyd* cited 1 Burr. 244.  Cowp. 823, 824.  1 Term Rep. 624.  Col. Cas. 51, 60.  1 Bos. & Pul. 61.

*Hopkins,* contra, cited 2 Bl. Rep. 811, 812.

*Per Curiam.*    By the act of congress of the 5th April, 1800, the bankrupt, on obtaining his certificate, is to be discharged from all debts owing by him when he became a bankrupt, and which might be proved under the commission.    This debt is, no doubt, one of that description.    The certificate of his discharge cannot be obtained, unless the commissioners certify that he has made a full discovery of his estate and effects, and in all things conformed to the act, or the judge of the district shall be of opinion that the certificate is unreasonably denied by the commissioners; and unless two-thirds of the creditors in value, coming in under the commission, shall consent to the allowance of the certificate,

and such consent proved by the oath of the bank-
[*404]   rupt to have been *fairly obtained ; and any of the
creditors are entitled to be heard against the allow-
ance of the certificate.   Public notice of the bankruptcy is
required to be given, and the creditors are fully apprised of
the proceedings against him.

The act also provides, that if the bankrupt be arrested or
prosecuted for any debt due before he became a bankrupt, he
shall appear without bail, and may plead the general issue,
and give the special matter in evidence ; and it is declared
that his certificate shall be *prima facie* evidence of his hav-
ing conformed to the act, and the burthen of proving fraud
or nonconformity shall lie on the plaintiff ; and if the bank-
rupt be taken in execution or imprisoned on account of any
such debt, he shall be discharged by *habeas corpus.*

In the present case no fraud appears to invalidate the dis-
charge.   It is not to be supposed that any existed, for the
plaintiff has had an ample opportunity to show it against the
allowance of the certificate ; and the act expressly directs
that the *onus probandi* shall afterwards be on him.   A bare
suggestion cannot be received as evidence of fraud.   We
are, therefore, to consider the certificate as fairly obtained ;
and if the defendant were in prison, he would be entitled to
his discharge, on a *habeas corpus.*   It is unnecessary to say
what this court would collaterally do on the present motion,
if fraud had been made to appear.

The only question is whether the bail is now in time to
surrender.   If he may surrender to prevent circuity, the mo-
dern practice is, (Cowp. 823, 824 ; 1 Term Rep. 624,) to or-
der an *exoneretur* at once to be entered.   By the English
law, the rule is that the bail cannot surrender their princi-
pal, being a certificated bankrupt, after they are fixed.
*Woolley* v. *Cobb* and *Cockerill* v. *Owston,* (1 Burr. 244, 436,
and 1 Term Rep. 624,) are decidedly to this effect.   The
bail, in the sense of the authorities, are deemed to
[*405]   be *fixed,* when *the ca. sa.* against the principal
is returned *non est.*   If we apply this rule, the
bail would here be fixed, and cannot surrender.   But our

Kane and Kane v. Ingraham.

courts in general have been liberal towards bail, and have considered the privilege within the period of grace as ripened into a matter of right. Thus they are held liable to interest, on the judgment against the principal, only from the expiration of the days of grace. That is a case quite as strong as the present, because there they are not only *fixed* in law, but have voluntarily waived the privilege of a subsequent surrender. And if no analogous case existed, we are inclined, in favor of bail, to adopt the rule that they are in no case definitively liable till the expiration of the eight days in full term after the return of process against them.

The bail in this case, would, therefore, be allowed to surrender ; but as the principal would be immediately entitled to his discharge, the surrender would be an idle ceremony, entirely useless to the plaintiff, and attended with expense and inconvenience to both the defendant and his bail, we think the practice of entering an *exoneretur* ought to be pursued.

The motion must be granted.

Motion granted.(*a*)(*b*)

(*a*) [Old note.] See *Seaman* v. *Drake*, 1 Caines' Rep. 9. *Jones* v. *Emerson*, 1 Caines' Rep. 487. 2 Johns. Rep. 101. 4 Johns. Rep. 407.

(*b*) See *supra*, p. 284, n. (*b*,) to *Milner* v. *Green*, and references ; *supra*, vol. 1, p. 329, n. (*a*) to *Strang* v. *Barber and Griffin ; Ellis* v. *Hay*, 1 id. 333. *Brown* v. *Smith*, 9 Johns. Rep. 84. *Brownlow* v. *Forbes*, 2 id. 101. See also *Saunders* v. *Bobo*, 2 Bailey, 492. *Bailey* v. *Seals' Bail*, 1 Harrington, 369. *M'Glensey* v. *M'Lear*, 466. *M'Cannland* v. *Waller*, 1 Harris & Johnson, 156. *M'King* v. *Marshall*, id. 101. *Champion* v. *Noyes*, 2 Massachusetts, 481. *Payson* v. *Payson*, 1 id. 292.